1
2
3
4
5
6
7

FILED

13 NOV 13 AM 10:56

CXC

DEPUTY

8               **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10  U.S. MEDICAL INSTRUMENTS,          CASE NO. 13-cv-349-BEN (DHB)
    INC., a California corporation,
11                                     **ORDER GRANTING IN PART**
                                       **DEFENDANTS' MOTION TO**
                              Plaintiff, **DISMISS**
12
       vs.                             [Docket No. 7]
13
    CFS NORTH AMERICA, INC., a
14  Delaware corporation;
    CONVENIENCE FOOD SYSTEMS,
15  INC., a Delaware corporation. d/b/a
    CFS NORTH AMERICA, INC.; CFS
16  TIROMAT, an unknown entity;
    KEITH BARNES, an individual; and
17  DOES 1 through 10, inclusive,

18                              Defendants.

19

20  **I. INTRODUCTION**

21          Before this Court is the Motion to Dismiss filed by Defendants GEA Food

22  Solutions North America, Inc., f/k/a CFS North America, Inc., f/k/a Convenience Food

23  Systems, Inc., and f/d/b/a CFS Tiromat ("Entity Defendant") and Keith Barnes

24  ("Barnes") (collectively, "Defendants").[1] (Docket No. 7). Upon full consideration of

25

26  ───────────────
          [1] USMI named "CFS North America, Inc.," "Convenience Food Systems, Inc.
27  d/b/a CFS North America, Inc.," and "CFS Tiromat" as defendants in the Complaint.
    (Docket No. 1). In the Motion to Dismiss, Defendants state that there is no company
    presently existing under the names, but that "GEA Food Solutions, North America,
28  Inc." formerly did business under those names and is the legal entity that contracted
    with USMI.

                              - 1 -                                    13cv349

1 the briefing by the parties, the Defendants' Motion is **GRANTED** as to Counts 5, 6,
2 and 7, and **DENIED** as to Counts 1, 2, 3, and 4.

3 **II. BACKGROUND**

4      This case arises out of a dispute regarding the sale and shipment of specialized
5 packaging machines. Plaintiff U.S. Medical Instruments (USMI) entered into two
6 separate agreements with the Entity Defendant. The first was to buy a "Tiromat
7 PowerPak Form/Fill Seal, Web 420" ("Tiromat 420"). USMI asserts this is a
8 packaging machine configured to custom specifications and requirements. (Compl. at
9 ¶¶ 13, 18). USMI contends it agreed to pay $150,000.00, plus $18,400.00 for shipping.
10 (Compl. at ¶ 13). Specifically, it claims it was to pay a $75,780.00 deposit on
11 execution of the agreement, make an additional payment of $75,780.00 "upon
12 shipment" of the Tiromat 420, and a balance of $16,840.00 "thereafter." (*Id.*) USMI
13 contends it made the deposit by giving a check to Barnes in late February 2011, but that
14 Defendants have not shipped the Tiromat 420, despite their promise to do so in three
15 weeks. (*Id.*) USMI seeks breach of contract damages (Count 1) and specific
16 performance (Count 2). (*Id.* at ¶¶ 16, 24)

17      The second agreement pertains to an agreement to purchase two specialized
18 machines known as the "Tiromat PowerPak Form/Fill/Seal, Web 470" ("Tiromat 470")
19 and "Tiromat PowerPak Form/Fill/Seal, Web 510" ("Tiromat 510"), along with tooling,
20 in exchange for approximately $635,153.00, plus $33,488.00 for shipping. (Compl. at
21 ¶ 26). USMI claims that it was to pay 40% from the order date, 40% upon shipment,
22 and 20% thirty days after delivery. (Compl. at ¶ 26). USMI seeks breach of contract
23 damages (Count 3) and specific performance (Count 4).

24      USMI claims that Barnes told USMI that the Tiromat 420 would be shipped
25 within three weeks if USMI paid the deposit. (Compl. at ¶ 38). In its fraud claim,
26 USMI alleges there was a "secret intention not to perform," and it would not have paid
27 the deposit amount if it had known Defendants' actual intentions. (Compl. at ¶¶ 40-
28 41). USMI also asserts a negligent misrepresentation claim, alleging that the promise

13cv349

1  was made with no reasonable ground for believing the promise to be true.  (Compl. at

2  ¶ 46).

3     Finally, USMI seeks "money had and received" (Count 7) in the amount of

4  $75,780.00, plus interest.  (Compl. at ¶¶ 49-51).

5  **III.  LEGAL STANDARD**

6     Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if,

7  taking all factual allegations as true, the complaint fails to state a plausible claim for

8  relief on its face.  FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

9  556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff

10  to plead factual content that provides "more than a sheer possibility that a defendant

11  has acted unlawfully").  Under this standard, dismissal is appropriate if the complaint

12  fails to state enough facts to raise a reasonable expectation that discovery will reveal

13  evidence of the matter complained of, or if the complaint lacks a cognizable legal

14  theory under which relief may be granted.  *Twombly*, 550 U.S. at 556.

15  **IV.  DISCUSSION**

16    **A. Consideration of Documents Attached by Defendants**

17     In their Motion to Dismiss, Defendants attached documents which they purport

18  to be proper for this Court to consider in ruling upon the Motion.  (Mtn. at 2, 3).  In a

19  footnote, Defendants claim that the attached documents form the written agreements

20  at issue, and may therefore be considered by this Court under the doctrine of

21  incorporation by reference.  (Mtn at 2, n.2).  Essentially, Defendants claim that these

22  materials prove that USMI was required to tender additional payment *prior* to shipment

23  of the machines, thus invalidating USMI's claims.  (Mtn. at 3,4).  USMI asks this Court

24  to disregard the additional materials because they cannot be properly considered on a

25  12(b)(6) motion to dismiss.  (Opp'n at 5).

26     As a general rule, a district court may not consider any material beyond the

27  pleadings in ruling on a Rule 12(b)(6) motion.  *Lee v. City of Los Angeles*, 250 F.3d

28  668, 688 (9th Cir. 2001).  If a court considers material outside the pleadings, it

1    normally must convert the 12(b)(6) motion into a Rule 56 motion for summary
2    judgment, and give all parties a chance to present pertinent material. FED. R. CIV. P.
3    12(b)(6); *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

4         There are limited exceptions which allow a district court to consider material
5    outside the pleadings without converting the motion into a Rule 56 motion. A district
6    court may consider material that is properly submitted as part of the complaint, *Lee*,
7    250 F.3d at 688, or which is subject to judicial notice under Federal Rule of Evidence
8    201, *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). It may also
9    consider materials not attached to a complaint "on which the complaint 'necessarily
10   relies' if: (1) the complaint refers to the document; (2) the document is central to the
11   plaintiff's claim; and (3) no party questions the authenticity of the document."
12   *Corinthian Colls.*, 655 F.3d at 998. It is not appropriate to consider a document where
13   it is merely mentioned, or where there are disputed issues as to the document's
14   relevance. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).
15   However, these exceptions are not invitations to blur the distinction between a Rule
16   12(b)(6) motion to dismiss and a Rule 56 motion for summary judgment. *See In re*
17   *Immune Response Securities Litigation*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005)
18   ("[C]onsidering these documents as part of the pleadings at this stage would expand
19   the 'narrow exception' and eliminate the distinction between a motion for summary
20   judgment and a motion to dismiss") (citation omitted)).

21        In the case at hand, it would be improper for this Court to consider the exhibits
22   offered by the Defendants in ruling on the Motion to Dismiss. There is no question that
23   USMI's Complaint refers to the existence of agreements between USMI and the Entity
24   Defendant, and asserts claims for breach of contract and specific performance. As
25   Defendants argue, the agreement in question is not merely mentioned, it forms the basis
26   of USMI's claims and is central to the claims. (Reply at 3).

27        However, the dispute about the authenticity of the documents precludes this
28   Court from considering them. The incorporation by reference doctrine requires that no

13cv349

1  party question the authenticity of the documents. *Corinthian Colls.*, 655 F.3d at 998.

2  Here, USMI "objects to and contests the authenticity of Exhibits 1-5." (Opp'n at 6).

3  USMI also points out that the documents are unsigned. (*Id.*) Although Defendants

4  argue that USMI does not actually deny that the exhibits were exchanged by the parties

5  and constitute the contracts, (Reply at 3), USMI clearly disputed their authenticity.

6  Additionally, if Defendants are correct, which this Court does not assume, in

7  contending that the documents would require dismissal of the case, it suggests that

8  USMI's Complaint should be read to allege a different contract that the one Defendants

9  seek to attach.

10       Defendants challenge USMI's declaration regarding the authenticity of the

11  document, included in its Opposition. At this stage, it is enough that authenticity of the

12  document has been disputed.  The terms of the contract and the authenticity of

13  documents purporting to contain the agreement are factual disputes in this matter.

14  Such questions may be addressed at later proceedings, but are not appropriate for this

15  Court to resolve at present.  Allegations of material fact are to be taken as true and

16  construed in the light most favorable to the nonmoving party. *Sprewell v. Golden State*

17  *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  This Court cannot reject USMI's

18  allegations of material fact in favor of Defendants' version of the agreement based on

19  disputed documents in ruling upon a motion to dismiss.

20       **B.  The Tiromat 420 Contract Claims (Counts 1 and 2)**

21       USMI's first two claims arise out of Defendants' alleged failure to perform the

22  Tiromat 420 agreement.  USMI claims that they paid the $75,780.00 deposit required

23  by the contract on execution of the agreement, and that the next payment was due

24  "upon shipment" of the Tiromat 420.  (Compl. at ¶ 13).  USMI contends that

25  Defendants have breached the contract by not yet shipping the Tiromat 420. (*Id.*)

26       Defendants assert that Counts 1 and 2 fail to state claims because both counts fail

27  to allege that USMI made the second payment which Defendants claim is required

28  under the contract for the Tiromat 420. (Mtn. at 5).

1    The elements of a breach of contract claim under California law are 1) the

2    existence of a valid contract, 2) plaintiff's performance or excuse for failure to perform,

3    3) defendant's breach, and 4) damages. *McKell v. Washington Mut., Inc.*, 142 Cal.

4    App. 4th 1457, 1489 (2006).[2] USMI has adequately pled such a claim.

5    Defendants' contention that USMI has not sufficiently pled a cause of action is

6    based upon its assertion that the documents it submitted as part of its Motion should

7    be considered. USMI's Complaint clearly alleges that the agreement did not require

8    it to make a second payment prior to shipment. (Compl. at ¶ 13). As this Court is not

9    accepting as true the documents attached by Defendants, and USMI alleges it made the

10   only payment required prior to performance by the Defendants, USMI has sufficiently

11   pled claims for relief in Counts 1 and 2.

12   **C. The Tiromat 470 and 510 Contract Claims (Counts 3 and 4)**

13   Defendants assert that Counts 3 and 4 fail to state claims because they fail to

14   allege that USMI made the payment which Defendants claim is required by the

15   contract. (Mtn. at 6). As alleged by USMI in its Complaint, USMI was to pay 40%

16   from the order date, 40% upon shipment, and 20% thirty days after delivery. (Compl.

17   at ¶ 26). Defendants point out that USMI does not allege that it made the initial 40%

18   payment, which even USMI states was required by the contract. (Mtn. at 6).

19   As stated above, a breach of contract action must allege that the plaintiff either

20   performed or was excused from performing. USMI alleged in the Complaint that it has

21   fully performed or has been excused from doing so based on the Defendants' actions

22   and inactions. (Compl. at ¶ 27). USMI claims that the Entity Defendant breached the

23   agreement by demanding 90% of the purchase price before shipment. (Compl. at ¶ 28).

24   USMI claims that the Entity Defendant is "refusing to manufacture and ship the

25

26   [2]Defendants cite to Massachusetts case law, contending that the agreements
     provide for the application of Massachusetts law. (Mtn. at 5, n.4). USMI cites to

27   California law. (Opp'n at 7, 10-13). As the agreements included by Defendants have
     not been accepted by this Court at this stage of the proceedings, this Court will

28   consider the claims in light of the California law. This court is not aware of any
     differences in the two bodies of law that would lead to divergent results at this stage.

1  Tiromat 470 & 520 under the agreed upon payment terms." (*Id.*) USMI argues that
2  this breach excuses its performance. (Opp'n at 9). Defendants contend that, even if
3  such a demand had been made, USMI would still be required to make the down
4  payment. (Reply at 7, n.4). Neither party cites authority for its position.

5        Under California law, an anticipatory repudiation is said to occur when one party
6  to a bilateral contract repudiates the contract before his performance is due on the
7  contract. *Taylor v. Johnston*, 15 Cal. 3d 130, 137 (1975). The repudiation may be
8  express, requiring a clear, positive, unequivocal refusal to perform. *Id.* (citations
9  omitted). It may also be implied, resulting from conduct where the promisor puts it out
10  of his power to perform so as to make substantial performance of the promise
11  impossible. *Id.* (citations omitted). Only express repudiation appears to be at issue
12  here, as USMI has not argued that Defendants cannot perform the contract, and
13  demands specific performance. (Compl. at ¶ 37).

14        If an anticipatory repudiation occurs, the injured party has a number of remedies,
15  including the option to treat the repudiation as an anticipatory breach and seek
16  damages. *Taylor*, 15 Cal. 3d at 137. California law allows the nonbreaching party to
17  enforce the obligation without previously performing or offering to perform any
18  condition upon his part. Cal. Civ. Code § 1440; *Daum v. Super. Ct., Sutter Cnty*, 228
19  Cal. App. 2d 283, 287-88 (1964).

20        By alleging that Defendants refused to perform their obligations unless
21  additional money was paid in advance, USMI appears to be alleging that Defendants
22  anticipatorially repudiated the contract, excusing USMI's nonperformance of the
23  condition precedent. In *Steelduct Co. v. Henger-Seltzer Co.*, 26 Cal. 2d 634, 646
24  (1945), the California Supreme Court found a refusal to perform a contract where the
25  defendants offered to withdraw a repudiation of a contract on a condition they had no
26  right to impose. The California Supreme Court stated that "[a]nnexing an unwarranted
27  condition to an offer of performance is a refusal to perform." *Id.* (citation omitted). In
28  the case at hand, USMI alleged that Defendants demanded additional money up front,

1  that the demand was contrary to the contract, and that Defendants refused to perform
2  unless USMI paid the additional money.  As such, USMI appears to have pled
3  sufficient facts alleging anticipatory repudiation under California law to survive a
4  motion to dismiss.

5       Defendants do not cite any authority to support an argument that these
6  allegations, if true, would not excuse performance.  In the Motion to Dismiss,
7  Defendants cite to attached documents that state that the agreement may only be
8  amended by written agreement of the parties executed by their authorized
9  representative. (Mtn. at 6).  Even if this provision could be interpreted to require
10  USMI to make the payment, regardless of the allegedly improper demand, this Court
11  has refused to consider these documents.

12       Defendants also contend that the USMI failed to properly plead the details of the
13  demand, including when it was made and the person to whom it was made. (Mtn. at
14  6).  Review of the Complaint indicates that although USMI makes allegations
15  regarding the content of the demand, Defendants are correct in pointing to USMI's
16  failure to present the detailed circumstances of the demand. (*See* Compl. at ¶ 28).
17  Defendants cite no authority that requires that the details of the circumstances of the
18  breach be pled in order for a claim of this nature to survive a motion to dismiss.[3]
19  Notice pleading does not impose heightened standards when alleging a breach of
20  contract. *Chaganti v. 12 Phone Int'l Inc.*, No. C 04-0987 VRW, 2005 WL 679664, at
21  *3 (N.D. Cal. March 11, 2005).  However, a claim for breach of contract needs to
22  identify the circumstances surrounding the alleged breach in order to give fair notice
23  to the defendant under Rule 8 of the Federal Rules of Civil Procedure. *Rasidescu v.*

24

25  [3]A state law claim may need to meet the higher pleading standards of FED. R.
   CIV. P. 9(b) where the claim is premised on fraudulent conduct by defendants. *Vess v.*
26  *Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).  Even if fraud is not a
   necessary element of a claim, if a plaintiff chooses to allege in the complaint that the
27  defendant has engaged in fraudulent conduct in support of a claim, "the allegations of
   fraud are subject to Rule 9(b)'s heightened pleading requirements." *Id.* at 1104.
28       USMI never alleges that the demand for additional money was fraudulent, and
   all later allegations of fraudulent conduct relate to the contract for the Tiromat 420, not
   the contract for the Tiromats 470 and 510.

1 | *Midland Credit Mgmt., Inc.*, 435 F. Supp. 2d 1090, 1099 (S.D. Cal. 2006). Here, USMI

2 | has alleged enough to give the Defendants fair notice of the claim and to allow them

3 | to respond. USMI has therefore sufficiently pled claims for relief in Counts 3 and 4.

4 | **D. Fraud and Deceit - Promise Made Without Intention to Perform (Count**

5 | **5) and Negligent Misrepresentation (Count 6)**

6 | USMI claims that Barnes, while acting as an agent and employee of the Entity

7 | Defendant, told USMI that the Entity Defendant would ship the Tiromat 420 within

8 | three weeks if USMI paid the deposit. (Compl. at ¶ 38).

9 | USMI asserts a fraud claim, alleging that the promise was made to induce USMI

10 | to pay the deposit amount, but that Defendants had a secret intention not to perform its

11 | obligation to deliver the machine. (*Id.* at ¶¶ 40-41). USMI claims it paid the deposit

12 | in reliance on this promise, but that it would not have paid the deposit amount if it

13 | knew Defendants' actual intention. (*Id.* at ¶ 41). USMI claims that exemplary and

14 | punitive damages are justified. (*Id.* at ¶ 43).

15 | USMI also pleads a claim for negligent misrepresentation in Count 6. USMI

16 | claims that Defendants misrepresented their ability and intention to deliver the Tiromat

17 | 420. (*Id.* at ¶ 45). USMI claims Defendants knew the promise made was false, and did

18 | so in order to induce payment of the deposit. (*Id.*) USMI further claims Defendants

19 | had no reasonable ground for believing the promise made to be true. (*Id.* at ¶ 46).

20 | As Defendants raise the same arguments with respect to both counts, they will

21 | be addressed together.

22 | Rule 9(b) of the Federal Rules of Civil Procedure requires that in "all averments

23 | of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with

24 | particularity." The Ninth Circuit applies the Rule 9(b) pleading standard to negligent

25 | misrepresentation claims that are "grounded" in or "sound" in fraud. *Vess v. Ciba-*

26 | *Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

27 |

28 | In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct. In some cases, the plaintiff may allege a

13cv349

unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).

*Id.*

Here, USMI is clearly alleging fraud in Count 5, and negligent misrepresentation based on the exact same actions in Count 6. The claims are therefore subject to the heightened pleading standard.

### 1. To Whom the Promise was Made

Defendants argue that USMI's claims fail to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b) by failing to identify the person to whom the alleged misrepresentation was made. (Mtn. at 7). Rule 9(b) requires plaintiffs to specify "'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (internal citation omitted). The Ninth Circuit has stated that Rule 9(b) requires identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir. 1973).

Defendants cite *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986), which states that Rule 9(b) requires the pleader to state "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Courts have found that failure to specify "to whom" a fraudulent statement was made fails the particularity test. *Lui Ciro, Inc. v. Ciro, Inc.*, 895 F. Supp 1365, 1376 (D. Hawaii 1995) (failed to meet test because failed to clarify where, when, and to whom statements were made); *Arndt v. Prudential Bache Sec., Inc.*, 603 F. Supp. 674, 676 (S.D. Cal. 1984) ("In order to plead fraud with sufficient particularity in this instance, plaintiffs must identify who said what to whom, and when such statements were made.") (citations omitted).

In the context of this case, particularly given that an exact date was not specified for the promise in question, such information is reasonably necessary for the Defendants to prepare an adequate answer.

## 2. Reasonable Reliance

Defendants also claim that USMI could not reasonably rely on Barnes' purported statements regarding what payment was due under the Tiromat 420 agreement. (Mtn. at 8). California law requires that a plaintiff alleging negligent misrepresentation or fraud show that the plaintiff justifiably acted in reliance on the defendant's promise or representation. *Wells Fargo Bank, N.A. v. FSI, Financial Solutions, Inc.*, 196 Cal. App. 4th 1559, 1573 (2011) (stating elements of negligent misrepresentation); *Bondi v. Jewels by Edwar, Ltd.*, 267 Cal. App. 2d 672, 277 (1968) (same for fraud).[4]

Several of Defendants' arguments are based upon the documents they attached to their motion to dismiss. It is improper for the Court to consider Defendants' claims that any reliance was not reasonable because of the contents of the purchase order regarding either the ready date or amendment of the agreement. (*See* Mtn. at 8).

Defendants also claim the promise did not cause USMI to do anything it was not already obligated to do — make the initial payment. Although Defendants cite to the agreement they attach, the initial payment term is also in the agreement alleged by USMI. (Compl. at ¶¶ 13, 41). USMI contends it would not have made this payment had they known how Defendants would act at a later date. (*Id.* at ¶ 41).

It is not clear from USMI's complaint whether USMI claims it had already entered into a contract requiring the down payment. In alleging its fraud claim (Count 5), USMI does not allege, for example, that it would not have entered into the contract if not for the promise, but that it "would never have paid the $75,780.00." (*Id.*) In alleging negligent misrepresentation, USMI contends that "at the time USMI entered into the Tiromat 420 Agreement as discussed herein above, USMI was unaware of the falsity of the Promise of [Defendants], and believed it to be true, to their detriment." (*Id.* at ¶ 47). It is therefore unclear whether USMI contends it was fraudulently induced to enter the contract, or simply that it would not have made the down payment called for in the contract. To the extent that they claim the latter, it is unclear how

---

[4]Defendants rely on the same requirement in Massachusetts law. (Mtn. at 7-8).

1   USMI's actions in making the payment were in reliance on the alleged promise, or
2   whether they are claiming that USMI was not required to make the down payment
3   under the circumstances. USMI has therefore failed to properly allege that it relied on
4   the promise to its detriment. Given the requirement that the "when" and "what" of the
5   misconduct charged must be clearly specified, *Vess*, 317 F.3d at 1106, and the Ninth
6   Circuit's concern with allowing the defendant to prepare an adequate answer, *Walling*,
7   476 F.2d at 397, USMI has failed to properly plead with specificity its fraud and
8   negligent misrepresentation claims.

9                    3. Fraud: Intention Not to Perform

10          Defendants also challenge the sufficiency of USMI's allegations regarding the
11   intent with which Barnes made the purported statements. (Mtn. at 8). Under Rule 9(b),
12   intent can be averred generally, but a plaintiff must point to facts from which it can be
13   inferred that the defendant harbored an intention not to perform the terms of the
14   contract at formation. *Premiere Innovations, Inc. v. IWAS Indus. LLC*, No. 07-cv-1083,
15   2007 WL 2873442, at *2 (S.D. Cal. Sept. 28, 2007) (citations omitted). "Bare
16   allegations that the defendant had no intention of carrying out promises or contractual
17   terms at the time of formation are insufficient to satisfy the particularity requirements
18   of Rule 9(b)." *Id.* (citations omitted). In a situation where circumstances may have
19   changed, it is not enough to point to a statement by the defendant, note that it conflicts
20   with the current facts, and conclude that it must have been false. *In re GlenFed, Inc.*
21   *Sec. Lit.*, 42 F.3d 1541, 1547 (9th Cir. 1994) (superseded by statute on other grounds).

22          Defendants again cite to the agreements they attach, stating that they required
23   payment before shipment, and arguing that USMI does not allege that Defendants
24   negated or waived the payment requirement. (Mtn. at 8). The arguments based on the
25   attached documents are disregarded at this stage, for reasons stated above.

26          However, USMI fails to sufficiently allege an intention not to perform in Count
27   5. USMI alleges that Defendants "had no intention of performing it," (Compl. at ¶ 39),
28   and had a "secret intention not to perform and deliver the Tiromat 420," (*id.* at ¶ 41).

13cv349

1   USMI claims that the conduct was "an intentional misrepresentation, deceit, or
2   concealment of a material fact" known to Defendants. (*Id.* at ¶ 43). USMI contends
3   that the Defendants failed to abide by the promise. (*Id.* at ¶ 42). Even taking as true
4   USMI's allegations that Barnes made promises that he and the other Defendants failed
5   to keep, USMI has not presented a sufficient basis from which this Court could
6   conclude that the Defendants had no intention of keeping the promise when it was
7   made.

8                   4. Negligent Misrepresentation: Reasonable Grounds

9           California's negligent misrepresentation cause of action requires, *inter alia*, that
10  the defendant make a misrepresentation of past or existing material fact, without
11  reasonable ground for believing it to be true. *Fox v. Pollack*, 181 Cal. App. 3d 954,
12  962 (1986).

13          In Count 6, Defendants are alleged to have "misrepresented their ability and
14  intention to deliver the Tiromat 420." (Compl. at ¶ 45). Further, USMI claims that
15  Defendants "should have known the Promise was false." (*Id.*) It is stated that
16  Defendants had "no reasonable grounds for believing it to be true, in that, given the
17  knowledge and expertise of [Defendants], said Defendants knew or should have known
18  of the true facts." (*Id.* at ¶ 46).

19          However, USMI does not explain why it would be unreasonable for Defendants
20  to believe the machine could not or would not be manufactured and delivered in three
21  weeks. Read liberally, the reference to "knowledge and expertise" could be interpreted
22  as a statement that Defendants should have been aware of the relevant facts, such as
23  manufacturing capacity or company policies, and that Defendants must therefore have
24  known in advance about any possible obstacles to delivery. (*See id.*) However, USMI
25  does not allege what the "true facts" are, or provide any basis for its conclusion that
26  Defendants should have known that the machine would not be delivered when the
27  promise was made. Additionally, USMI states that Barnes is an "agent and employee,"
28  but does not plead facts in the complaint to suggest he is necessarily in a position to

1   know the relevant information.  (*Id.* at ¶ 38).  Other than conclusory allegations,

2   nothing in the complaint suggests that the reason for delay existed or was anticipated

3   at the time the promise was made, much less that the Defendants should have known

4   about it, or that it was not reasonable for Defendants to believe that delivery would

5   occur in three weeks.

6        4. Conclusion

7        In accordance with the foregoing, USMI's claims for fraud and negligent

8   misrepresentation are **DISMISSED WITHOUT PREJUDICE**, and USMI is given

9   leave to amend.

10       **E.  Money Had and Received (Count 7)**

11       Defendants claim that Count 7 must be dismissed because there is an express

12  written contract that governs the relationship.  (Mtn. at 9).

13       Under California law, an action for "money had and received" is based on the

14  existence of a quasi-contract.  *Mar Partners 1, LLC v. Am. Home Mortg. Serv., Inc.*,

15  No. C 10-02906, 2011 WL 11501, at \*4 (N.D. Cal. January 4, 2011) (citing *Pollak v.*

16  *Staunton*, 210 Cal. 656, 665 (1930)).  There can be no action in quasi-contract where

17  there is an enforceable, binding agreement that defines the rights of the parties.

18  *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996)

19  (citation omitted).  Where the complaint indicates there is an enforceable, binding

20  agreement that exists to define the rights of the parties, a court has dismissed for failure

21  to state a claim.  *Mar Partners 1*, 2011 WL 11501, at \*4.

22       In the case at hand, it is undisputed that a written agreement was created, though

23  the parties dispute its central terms.  USMI nowhere alleges that it is entitled to recover

24  "money had and received" if there is an express contract.

25       USMI instead contends that Rule 8 allows a party to plead alternative and

26  inconsistent theories of recovery.   (Opp'n at 12); FED. R. CIV. P. 8(d)(2),(3).

27  Defendants concede that alternative and inconsistent theories of recovery are permitted,

28  but argue that Count 7 incorporates the allegations regarding the written agreement into

- 14 -

1  Count 7. (Reply at 8-9). It argues that the claim itself alleges facts that defeat the
2  claim. (*Id.* at 9). Review of the Complaint reveals that USMI included language
3  incorporating by reference "each and every allegation contained in paragraphs 1
4  through 36," which includes the allegation of a contract in paragraph 13. (Compl. at
5  ¶¶ 13, 49).

6       The Ninth Circuit has held that where inconsistent allegations are not pled in the
7  alternative, but are expressly incorporated into each cause of action, an allegation may
8  constitute a judicial admission by the plaintiff which allows dismissal of the complaint.
9  *Maloney v. Scottsdate Ins. Co.*, 256 Fed. Appx. 29, 32 (9th Cir. 2007) (where plaintiff
10 alleged both imperfect self defense and "negligent and careless conduct," imperfect self
11 defense was a fundamentally inconsistent judicial admission rendering dismissal
12 proper). In this case, the allegations of a valid contract are inconsistent with the claim
13 for "money had and received." If USMI wishes to plead in the alternative, or assert a
14 basis for receiving "money had and received" despite the execution of a written
15 contract, it must amend its Complaint.

16      Count 7 is **DISMISSED WITHOUT PREJUDICE** and USMI is given leave
17 to amend.

18 **V. CONCLUSION**

19      Based on the foregoing, this Court **DENIES** Defendants' Motion to Dismiss with
20 regard to Counts 1, 2, 3, and 4. The Motion is **GRANTED** with respect to Counts 5,
21 6, and 7. Counts 5, 6, and 7 are **DISMISSED WITHOUT PREJUDICE** and USMI
22 is given leave to amend.

23      This Court also cautions both parties that statements of the law should be
24 supported by proper citations.

25      **IT IS SO ORDERED.**
26
27 Dated: 11/12/13
28
                                 HON. ROGER T. BENITEZ
                                 United States District Judge

13cv349